**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JERRELL RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNITED WHOLESALE MORTGAGE, LLC, et al.** | **NO. 23-1548-BAJ-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 11, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JERRELL RICHARDSON                                     CIVIL ACTION

VERSUS

UNITED WHOLESALE                                       NO. 23-1548-BAJ-SDJ
MORTGAGE, LLC, et al.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Set Aside Entry of Default (R. Doc. 20) filed by Defendant Morgan Stanley Mortgage Securities Trust. No opposition to this Motion has been filed, and the deadline for doing so has passed.

On December 28, 2023, Plaintiff, Jerrell Richardson, filed a Motion seeking entry of default against MSMST for its failure to timely file a responsive pleading in this matter.[1] The Court, finding that "[s]ervice having been executed on Defendant, Morgan Stanley Mortgage Securities Trust on 11/17/2023, and no answer, claim or other responsive pleadings having been filed," granted Plaintiff's Motion on January 2, 2024.[2] Soon thereafter, on January 15, 2024, MSMST filed the instant motion, seeking to have the entry of default set aside.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "We are mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining whether to set aside

---

[1] R. Doc. 16.
[2] R. Doc. 17.


a default decree, the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* These factors are not exclusive, and another factor to consider is whether defendant acted expeditiously to correct the default. *Id.* at 184. "When ... a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese-Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

Here, the above factors weigh in favor of setting aside the entry of default. First, MSMST's failure to respond does not appear willful. According to MSMST, said failure was "inadvertent."[3] Per MSMST, on or about November 15, 2023, members of its Mortgage Process Team received and reviewed Plaintiff's Complaint, the body of which purportedly states it to be a "Mortgage Audit Report."[4] The Team was unable to find a connection between Morgan Stanley or its affiliates and the mortgage loan referenced in the document.[5] The Team also allegedly did not recognize the entity named "Morgan Stanley Mortgage Securities Trust" and believed that the document referred to a securitization trust, in which case, generally, Morgan Stanley would not be responsible for responding.[6] For these reasons, combined with the fact that Plaintiff's Complaint contains no allegations concerning Morgan Stanley or MSMST, the Team failed to comprehend that this was a Complaint requiring a response.[7] In light of these assertions by MSMST, and in the absence of any information or argument otherwise, the Court finds that this factor weighs in favor of setting aside default. *See Abrams v. Allstate Vehicle & Prop. Ins.*, No. 17-922, 2018 WL

---

[3] R. Doc. 20-1 at 5.
[4] *Id.* at 7.
[5] *Id.*
[6] *Id.* at 10.
[7] *Id.*

10561518, at *3 (N.D. Tex. Aug. 21, 2018) (setting aside default judgment and finding defendant's neglect in answering plaintiff's complaint excusable where errors in defendant's intake process resulted in the failure to respond).

Second, the Court does not believe that Plaintiff would be prejudiced by having to prove the merits of his claims, particularly considering the fact that a Scheduling Order has not yet been entered in this case. This case remains in its infancy. In addition, the two other Defendants have filed Motions to Dismiss in this matter, both of which are still pending.[8] Given the current posture of this case, the Court finds this factor also weighs in favor of setting aside default.

Third, it appears that MSMST may have a meritorious defense to the claims pending against it. MSMST asserts first that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 8 for failure to include a short and plain statement of the claim showing that the pleader is entitled to relief because "Plaintiff makes only blanket conclusory statements that numerous federal statutes were violated, without in any way explaining the basis for those violations, and without any explanation whatsoever as to how MSMST is connected to any purported violations or claims."[9] MSMST next argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12 for failure to state a claim on which relief can be granted, as "[t]he Complaint has not alleged any connection that MSMST has to Plaintiff's loan, and MSMST is not aware of any such connection."[10] And third, MSMST argues that Plaintiff's TILA and FDCPA claims are barred by the statute of limitations.[11] Based on MSMST's assertions, the Court finds that this factor, too, weighs in favor of setting aside default.

Finally, MSMST acted expeditiously in correcting the default. The default was entered on

---

[8] *See* R. Docs. 7, 19.
[9] R. Doc. 20-1 at 12-13.
[10] *Id.* at 13-14.
[11] *Id.* at 14.

January 2, 2024, and MSMST filed the instant Motion on January 15, 2024.[12] According to MSMST, in-house counsel at Morgan Stanley learned of the entry of default against MSMST on January 5, 2024.[13] MSMST then claims that within a few hours of learning this, current counsel had been engaged "to investigate the default" and, upon discovering the mistake, "immediately began to prepare [the instant] motion to set aside the default."[14] Nothing in the record contradicts this assertion.

In sum, the Court, after weighing all factors, finds that Defendant MSMST has demonstrated that setting aside the entry of default is appropriate. Accordingly,

**IT IS RECOMMENDED** that the Motion to Set Aside Entry of Default (R. Doc. 20) filed by Defendant Morgan Stanley Mortgage Securities Trust be **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 11, 2024.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See* R. Docs. 17, 20.
[13] R. Doc. 20-1 at 8.
[14] *Id*.